```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

MICHAEL HILL,

              Plaintiff,

   -vs-

PATRICK GRIFFIN, Superintendent, et al.,

             Defendants.

**DECISION AND ORDER**
**No. 10-CV-6419(MAT)**
___

**I.   Introduction**

Pro se plaintiff Michael Hill ("Hill" or "Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983. Presently before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 8(a) by Defendants Patrick Griffn, Superintendent of Southport Correctional Facility ("Southport")); William Hopkins, Deputy Superintendent; Angela Bartlett, Deputy Superintendent of Programs; Michael Sheahan, Deputy Superintendent of Security; Sharon Smith, Laundry Supervisor; Scott Hodge, Law Library Supervisor; Harry Hetrick, Corrections Captain; Karen Bellamy, Director of Inmate Grievance Program; Sabrina Vonhagn, Inmate Grievance Supervisor; Brian Fischer, Commissioner of DOCCS; Frederick Butler, Corrections Sergeant; Anthony Manzo, Corrections Officer; Craig Skelly, Corrections Officer; John Squires, Corrections Office; Norman Bezio, Director of Special Housing;

Robert Murphy, Corrections Officer; Denise Fuller, Mental Health Unit Chief; John Winant, Corrections Sergeant; Jeremy Clement, Nurse; William Atwood, Corrections Sergeant; Drew Onifer, Corrections Officer; Albert Prack, Director of Special Housing; and Herman Lebson, Teacher.[1]

## II. Procedural History

Plaintiff filed his original complaint (Docket No. 1) on July 19, 2010. After the Court reviewed the complaint with respect to the criteria set out in 28 U.S.C. §§ 1915(e) and 1915A and directed service of the summons and complaint, the Court granted plaintiff leave to file an amended complaint (Docket No. 5). Plaintiff's amended complaint (Docket No. 6) was filed on December 5, 2010. Due to its voluminous size, it was manually filed.

On April 6, 2011, after reviewing Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the Court dismissed a number of additional parties named in the Amended Complaint. The Court also dismissed, on the basis of prosecutorial immunity, Paragraphs 86-88 of the First Cause of Action and the entire Tenth Cause of Action alleging selective enforcement of African-American and Latino prisoners. See Decision at 7-8 (Docket No. 8). The Eleventh and Thirteenth Causes of Action, alleging conspiracy to prevent prisoners from bringing

---

[1] All Defendants except Commissioner Fischer work at Southport.

criminal charges against corrections officers, were dismissed as a matter of law based upon the failure of the selective enforcement claim. See Decision at 8-9 (Docket No. 8).

The remaining Defendants have moved to dismiss the Amended Complaint on the basis that it fails to comply with F.R.C.P. 8(a)'s pleading requirements and the Western District of New York's Local Rules of Civil Procedure 5.2, 10(a)(2), 10(a)(4), and 10(b)(5). Defendants also contend that application of the "three strikes rule" set forth in 28 U.S.C. § 1915(g) requires revocation of Plaintiff in forma pauperis status and dismissal without prejudice subject to Plaintiff's payment of the filing fee.

For the reasons the follow, Defendants' motion to dismiss is granted. In addition, the Court has sua sponte exercised its discretion to dismiss with prejudice several of Plaintiff's claims because, as a matter of law, they fail to state a claim, and repleading would be futile.

**III. Discussion**

    **A.    The Three Strikes Rule**

Section 1915(g) of Title 28 U.S.C. provides that

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also, e.g., Harris v. City of New York, 607 F.3d 18, 20 (2d Cir. 2010) (citing 28 U.S.C. § 1915(g).

When a district court becomes aware that a plaintiff, to whom it has granted in forma pauperis status, has already filed three lawsuits that qualify as "strikes" for purposes of § 1915(g), it should revoke in forma pauperis status and dismiss the complaint. Here, as Hill points out, the three strikes rule does not apply because he has paid the filing fee. See Docket Entry dated 12/20/10. Defendants' three-strikes argument therefore is meritless.

**B.   Failure to Conform to Federal Pleading Requirements**

**1.   F.R.C.P. 8(a)**

F.R.C.P. 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). F.R.C.P. 8 also requires that "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(e)(1)). F.R.C.P. 8(a) "is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]" Ricciuti v. New York City Trans. Auth., 941 F.2d 119, 123 (2d Cir. 1991) (citation omitted). The plaintiff's statement of his claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to

select the relevant material from a mass of verbiage.'" Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1281, at 365 (1969); alteration in Salahuddin). Where a litigant does not comply with F.R.C.P. 8(a)'s "short and plain statement" rule, the court may, sua sponte or in response to a defendant's motion, "strike any portions [of the complaint] that are redundant or immaterial, see FED. R. CIV. P. 12(f), or . . . dismiss the complaint." Salahuddin, 861 F.2d at 42.

### 2. The Court's Local Rules of Civil Procedure

The Western District of New York's Local Rules of Civil Procedure ("L.R.") also contain several pleading standards, including L.R. 5.2(a) (a civil rights action filed by a pro se prisoner should be filed on the Court's standard form, and may be returned to the plaintiff for refiling if not on the proper form); L.R. 10(a)(2) (all text in the body of pleadings should be double-spaced); and L.R. 10(a)(4) (all pleadings must have a one-inch margin on all sides); and L.R. 10(b)(5) (all documents must be single-sided).

### 3. Plaintiff's Amended Complaint Runs Afoul of F.R.C.P. 8 and the Local Rules

Plaintiff's handwritten 229-paragraph Amended Complaint is 76 handwritten pages. Attached to the Amended Complaint–which is not on the Court's standard form–is a "Second Set of Exhibits" totaling about 224 pages, not including the page-dividers between the exhibits. As Defendants point out, the pages of the Amended

Complaint are unnumbered and single-spaced, with no discernible margins. With regard to matters of basic formatting, the amended complaint wholly fails to conform to L.R. 5.2(a), L.R. 10(a)(2), L.R. 10(a)(4), and L.R. 10(b)(5).

Furthermore, the amended complaint's allegations are diffuse and difficult to decipher, rather than "simple, concise, and direct," F.R.C.P. 8(e)(1). For instance, the first cause of action, although labeled, "First Amendment Access to the Court and Freedom of Speech to Complain," also contains allegations unrelated to the First Amendment: Plaintiff asserts that certain Defendants "deliberately exercised indifference where they denied African-American and Latino prisoners, victims of crimes committed against them by white prison officials from filing criminal charges. . . ." Amended Complaint ("Am. Compl."), ¶ 87 (Docket No. 6).

The Amended Complaint also appears to incorporate the first set of exhibits filed with the original complaint, although Hill makes no attempt to distinguish between the two sets when citing to exhibits.

In sum, the 76-page, single-spaced, margin-less amended complaint with its two sets of voluminous exhibits falls far short of satisfying F.R.C.P. 8's directives. Hill's amended complaint veers towards the class of pleadings that are "so confused, ambiguous, vague, or otherwise unintelligible that [their] true substance, if any, is well disguised[,]" Id. (citing Gillibeau v.

City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)). Accordingly, dismissal of the amended complaint in its entirety is warranted. See Salahuddin, 861 F.2d at 42 (finding "no doubt" that Plaintiff's complaint failed to comply with F.R.C.P. 8's "short and plain statement" requirement where it "span[ned] 15 single-spaced pages and contains explicit descriptions of 20-odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights"); Vtech Holdings Ltd. v. PriceWaterhouseCoopers, LLP, No. 03 Civ. 1413(LAK), 2003 WL 21756623, at *1 (S.D.N.Y. July 30, 2003) (dismissing pursuant to F.R.C.P. 8 where complaint was 113 pages and 179 numbered paragraphs in length, exclusive of exhibits and scores (perhaps hundreds) of separate subparagraphs; was "verbose and repetitious, repeating endlessly various stock phrases that convey[ed] no new meaning"; and "[d]espite its enormous length and an overabundance of detail, . . . [was] often . . . quite conclusory").

**III. Disposition**

The Second Circuit has instructed that if a district court dismisses a complaint for failure to comply with F.R.C.P. 8, it generally should afford the plaintiff leave to amend. Salahuddin, 861 F.2d at 42 (citing 5 C. Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1281, at 366–67; 2A MOORE'S FEDERAL PRACTICE P8.13, at 8–81 to 8–82 n. 38). Upon further review, the Court finds that several of Plaintiff's causes of action fail as a matter of

law, and should be dismissed without leave to replead. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to replead where the problem with plaintiff's action was "substantive" and "better pleading will not cure it").

### A. First Cause of Action

#### 1. ¶¶ 70-81

Plaintiff accuses Law Library Supervisor Scott Hodge of misplacing certain of his legal documents, causing delay in his filing of a state-court collateral motion for vacatur. However, Hodge eventually located the materials, and Plaintiff does not allege that he was precluded from filing his state-court motion. Plaintiff's inability to assert prejudice is fatal to his First Amendment claim based on denial of access to the courts. See Cancel v. Goord, No. 00 Civ.2042, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) ("[I]n order to survive a motion to dismiss a plaintiff must allege not only that the defendant's alleged conduct was deliberate and malicious, but also that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim.") (citing Lewis v. Casey, 518 U.S. 343, 353 (1996)); accord, e.g., Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).

#### 2. ¶¶ 89-90

Plaintiff asserts that he was denied supplies (ink pens) necessary to file legal documents in retaliation for his filing of

lawsuits and grievances. However, he subsequently was given a pen by defendant Manzo and was able to complete his legal work. Plaintiff thus has failed to allege the required prejudice for a denial of access to courts claim, and dismissal is required. See Cancel v. Goord, 2001 WL 303713, at *4.

**B.   Third Cause of Action**

**1.   ¶¶ 106-110**

Plaintiff alleges that defendants Murphy and Sheahan, acting with a retaliatory motive, deprived him of headphones, which he claims are a "protected liberty interest made into a right by Southport policies," Am. Compl., ¶ 106. Contrary to Plaintiff's contention, he does not have a liberty interest in being provided with headphones. See, e.g., Higgins v. Coombe, No. 94 CIV. 7942 (MGC), 1996 WL 502409, at *4 (S.D.N.Y. Sept. 4, 1996) (rejecting claim that the deprivation of working headphones and wall plugs violated the Fourteenth Amendment's guarantees of due process of law and equal protection of the law because inmate had no liberty interest in headphones). Plaintiff cannot state a cognizable constitutional claim on these facts, and dismissal is warranted.

**C.   Sixth Cause of Action**

**1.   ¶¶ 167-172**

Plaintiff asserts that Fischer, Griffin, and Hopkins all "exercised deliberate indifference" by creating a "vague policy to usurp funds generated from Plaintiff's money being lagged and held

in a combined prison account with Chemung County Trust Bank." Amended Complaint, ¶ 168 (citation to record omitted). The Second Circuit has held, however, that DOCCS' lag pay policy does not violate the due process clause. Allen v. Cuomo, 100 F.3d 253, 262 (2d Cir. 1996) ("New York has not created an entitlement in access to wages prior to release and therefore, there is no due process violation."); see also Williamson v. Goord, No. 01-CV-6250-CJS, 2003 WL 23101784, at *4 (W.D.N.Y. Apr. 10, 2003) (finding that withholding of "lag pay" from inmate's prison wages, to be paid to the inmate upon release from custody, did not violate due process, despite the inmate's claim that the lag pay was not merely being held in trust, but was instead being taken without due process, since he would never be released from prison based upon the length of his sentence). This claim alleging embezzlement by officers and representatives of DOCCS fails as a matter of law. Leave to replead would be futile.

**IV.   Conclusion**

For the reasons stated above, the Court grants Defendant's motion to dismiss (Docket No. 13) the Amended Complaint for failure to comply with F.R.C.P. 8 and various of this District's Local Rules of Civil Procedure. The dismissal is partially with prejudice and partially without prejudice, with leave to replead, as follows:

These claims are dismissed with prejudice, <u>without</u> leave to replead:  ¶¶ 70-81, 89-90 of the First Cause of Action; ¶¶ 106-110

of the Third Cause of Action; and ¶¶ 167-172 of the Sixth Cause of Action.[2]

Should he choose to do so, Plaintiff may file a Second Amended Complaint and attempt to replead the remaining allegations so as to make them conform to the pleading requirements discussed above. If Plaintiff chooses to attach exhibits to his Second Amended Complaint, he should provide citations specific enough that the Court is able to determine the location of the exhibit within the two sets of exhibits Plaintiff has submitted to this Court. To assist him in determining which exhibits need to be cited, the Court is returning Plaintiff's First and Second Sets of Exhibits to him.

Plaintiff's Second Amended Complaint is due 20 days from the date of this Decision and Order.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   May 2, 2013
         Rochester, New York

---

[2] As noted above, Paragraphs 86 to 88 of the First Cause of Action, as well as the Tenth, Eleventh, and Thirteenth Causes of Action were dismissed with prejudice in a prior Decision and Order.