UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL HILL,

      Plaintiff,      **BENCH STATEMENT**

   v.            6:10-CV-06419 EAW

PATRICK GRIFFIN, *et al.*,

      Defendants.

_____

**THIS STATEMENT DOES NOT CONSTITUTE A PUBLISHED DECISION AND ORDER OF THIS COURT. IT IS LIMITED TO THE FACTS OF THIS CASE AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY OR OTHERWISE USED IN UNRELATED CASES BEFORE THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At the close of Plaintiff's proof in this matter, Defendants made a motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. Plaintiff was provided with the opportunity to provide a written response to Defendants motion, which was filed on October 17, 2018, and appears at Docket Number 123.

Judgment as a matter of law is properly granted where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). The standard for a judgment as a matter of law is high. In considering a motion for judgment as a matter of law, the district court "*must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the*

*evidence. . . .* 'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge'. . . . Thus, although the court should review the record as a whole, *it must disregard all evidence favorable to the moving party that the jury is not required to believe.*" *Zellner v. Summerlin*, 494 F.3d 344, 370 (2d Cir. 2007) (quoting *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 150-51 (2000)) (emphasis and alterations in original). A motion for a judgment as a matter of law should be granted "only if, viewing the evidence in the light most favorable to the non-moving party, a reasonable juror would be compelled to find in favor of the moving party." *Tuccio v. Marconi*, 589 F.3d 538, 540 (2d Cir. 2009).

The Court cannot "substitute its judgment for that of the jury." *ING Global v. UPS Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014) (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 70 (2d Cir. 2001)). Therefore, in ruling on a motion for judgment as a matter of law, "the court must bear in mind that the jury is free to believe part and disbelieve part of any witness's testimony." *Zellner*, 494 F.3d at 371. Furthermore, the Court is not "permitted to make findings on factual questions not submitted to the jury where those findings take the evidence in the light most favorable to the moving party, rather than the opposing party." *Zellner*, 494 F.3d at 371.

Here, even keeping in mind the high standard for granting a motion under Rule 50, the Court finds that certain Defendants are entitled to judgment as a matter of law on some of the claims asserted against them. Those Defendants and claims are as follows: (1) with respect to Plaintiff's First Amendment claim for denial of access to the courts, the motion is granted as to Defendant Jacqueline Mackey; (2) with respect to Plaintiff's Eighth

Amendment conditions of confinement claim, the motion is granted as to Defendant Lori Eastwood; and (3) with respect to Plaintiff's Fourteenth Amendment equal protection claim, the motion is granted as to Jacqueline Mackey. As to Defendant Mackey, because the Court has granted the motion as to all the claims against her, she is dismissed as a Defendant in this lawsuit.

Turning first to Plaintiff's First Amendment denial of access to the Court's claim, the Court finds that no reasonable jury could find in Plaintiff's favor on this claim as to Defendant Mackey. There was no evidence presented that Defendant Mackey played any role in any of the allegedly retaliatory acts against Plaintiff. Based on the Court's review of Mr. Hill's testimony, his substantive statements regarding Ms. Mackey were that she was a senior counselor, that he had filed a lawsuit against her in 2009, that she served as his legal assistant and brought him documents that he needed and spoke to inmates at his request, and that she told an unidentified individual that Defendant Bartlett had instructed her to review a religious manual possessed by Plaintiff. To the extent that Plaintiff contends in his opposition to Defendants' motion that he testified Defendant Mackey had interfered with his mail or participated in confiscating his proposed class action complaint, that claim is not borne out by the Court's review of Plaintiff's testimony.

The evidence as to Defendant Mackey is insufficient, as a matter of law, to support a First Amendment claim. It is axiomatic that an individual who did not take any negative or injurious action towards Plaintiff cannot be found to have retaliated against him or to have denied him access to the courts. *See Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) ("To sustain a First Amendment retaliation claim, a prisoner must demonstrate . . .

that the defendant took adverse action against the plaintiff[.]") (quoting *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001)); *Zeigler v. New York*, 948 F. Supp. 2d 271, 294 (N.D.N.Y. 2013) (to maintain a claim for denial of access to the courts, a prisoner must establish the defendant acted "deliberately and maliciously").

Turning next to Plaintiff's Eighth Amendment conditions of confinement claim, the Court finds that judgment as a matter of law is warranted as to Defendant Eastwood. Plaintiff's Eighth Amendment claim is based on his alleged placement in solitary confinement with urine-soaked property and a restricted diet for seven days, his allegedly having been forced to transport unreasonably heavy property and objects, and his having allegedly been denied recreation, exercise, showers, haircuts, and janitorial sanitation of his cell. However, no evidence was presented that would connect Defendant Eastwood to any of these conditions. With respect to Defendant Eastwood, Plaintiff's testimony was limited to stating that she was a corrections officer, that she had never spoken to him about his lawsuits, that she had deliberately misdirected his mail and packages to other inmates, and that, at Bartlett's direction, she had given him a notice stating his religious manual was contraband. None of these allegations relate to Plaintiff's conditions of confinement claim in any way. Although Plaintiff claims in opposition to Plaintiff's motion that he testified Defendant Eastwood was involved in forcing him to transport unreasonably heavy property, again, that contention is not borne out by the Court's review of Plaintiff's testimony. As such, Plaintiff cannot maintain an Eighth Amendment claim against Defendant Eastwood.

Finally, turning to Plaintiff's Fourteenth Amendment equal protection claim, a necessary element as to any such claim is that the defendant unlawfully singled the plaintiff out for differential treatment. *See FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992). However, the evidence as to Defendant Mackey does not support the conclusion that she engaged in any kind of negative or discriminatory conduct towards Plaintiff. To the contrary, and as the Court previously set forth, Plaintiff's testimony as to Ms. Mackey does not establish that she did anything other than provide him with assistance and review a document at Defendant Bartlett's direction. This is insufficient, as a matter of law, to sustain an equal protection claim.

For the previously stated reasons, the Court grants Defendants' Rule 50 motion for judgment as a matter of law as to all of Plaintiff's claims against Defendant Mackey and as to Plaintiff's Eighth Amendment conditions of confinement claim as to Defendant Eastwood. Defendant Mackey is dismissed from this lawsuit. The Court reserves decision as to all other aspects of Defendants' Rule 50 motion.