UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL HILL,

                Plaintiff,

       v.

PATRICK GRIFFIN, *et al.*,

                Defendants.

**BENCH STATEMENT**

6:10-CV-06419 EAW

---

**THIS STATEMENT DOES NOT CONSTITUTE A PUBLISHED DECISION AND ORDER OF THIS COURT. IT IS LIMITED TO THE FACTS OF THIS CASE AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY OR OTHERWISE USED IN UNRELATED CASES BEFORE THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

Plaintiff has made a request pursuant to Federal Rule of Civil Procedure 15(b) to amend the pleadings in this matter to conform to the proof. In particular, Plaintiff seeks to amend the pleadings to assert a claim for violation of his right to due process against Defendants Frederick Butler and James Squires and to assert a claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment as to Defendant Squires. Defendants oppose the request, arguing that it has been made well after the deadline for seeking to amend the pleadings and after the close of proof in this matter. For the reasons discussed herein, the Court grants Plaintiff's request to amend the pleadings with respect to the due process claim against Defendants Butler and Squires and denies

Plaintiff's request to amend the pleadings with respect to the Eighth Amendment claim against Defendant Squires.

Federal Rule of Civil Procedure 15(b) provides:

[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.

The Second Circuit has explained that:

The import of Rules 15(a) and (b) combined is that (1) a motion to amend the pleadings to conform them to the evidence may be made at any time; (2) if the motion is made during trial, either in response to an objection to evidence concerning issues not raised by the pleadings or without such an objection, it may be granted if the party against whom the amendment is offered will not be prejudiced by the amendment, and it should be granted in the absence of prejudice if the interests of justice so require; (3) if the motion is made after trial, and the issues have been tried with the express or implied consent of the parties, the motion must be granted; (4) if the motion is made after trial, and the issues have not been tried with the express or implied consent of the parties, the motion may be granted if the party against whom the amendment is offered will not be prejudiced by the amendment and should be granted in the absence of such prejudice if the interests of justice so require

*Hillburn by Hillburn v. Maher*, 795 F.2d 252, 264 (2d Cir. 1986); *see also Silverstein v. Penguin Putnam, Inc*., 522 F. Supp. 2d 579, 604 (S.D.N.Y. 2007) ("In deciding whether to allow amendment under Rule 15(b), the essential questions are whether the new issues were tried by the parties' express or implied consent and whether the defendant would be prejudiced by the implied amendment, *i.e.,* whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory.") (quotation omitted). "As a general matter, [t]he district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal

except for abuse of discretion." *Hillburn*, 795 F.2d at 264 (quotation omitted and alteration in original); *see also Vermont Plastics, Inc. v. Brine, Inc.*, 79 F.3d 272, 279 (2d Cir. 1996) ("Fed. R. Civ. P. 15(b) allows parties to amend their pleadings to conform to the proof received into evidence at trial. The decision of whether to allow such an amendment is left to the discretion of the district court judge.").

As a threshold matter, the Court rejects Defendants' contention that it cannot grant Plaintiff's motion because Plaintiff has not shown good cause for amendment of the scheduling order pursuant to Federal Rule of Civil Procedure 16(b). It is true that Rule 16(b) "may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). However, in this case, the final and operative scheduling order, entered on February 13, 2018, does not set any deadline for seeking amendment of the pleadings. (Dkt. 86). While it may be the case that this was because "no future amendments to the pleadings were contemplated by the parties" at that time, "the parties' failure to contemplate future amendments, at a particular time during the litigation" is not dispositive "in determining a motion to amend, especially in light of the scope of Rule 15, providing that a pleading may be amended during and after trial." *Tolliver v. Lilley*, No. No. 12 CIV. 971 (DAB), 2016 WL 5793998, at *2 (S.D.N.Y. Sept. 19, 2016), *modified on unrelated grounds by Tolliver v. Skinner*, 2017 WL 1017649, at *1 (S.D.N.Y. Mar. 13, 2017). Accordingly, the Court finds that Rule 16(b) does not govern in this case. In any event, even assuming Rule 16(b) did apply, the Court "possesses inherent authority to control the disposition of the causes on its docket," *Range v. 480-486*

*Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015) (quotation omitted), which includes the authority to modify the scheduling order to allow late amendments where there is no prejudice to the non-moving party. *See Roth v. 2810026 Canada Ltd. Ltd*., No. 13-CV-901A(F), 2017 WL 1337572, at *4 (W.D.N.Y. Apr. 12, 2017) (exercising the court's "discretion in controlling the scheduling of the case before it" and allowing late amendment of pleading).

Turning to the merits of Plaintiff's Rule 15(b) motion, the Court finds that Defendants impliedly consented to the trial of Plaintiff's due process claims against Defendants Butler and Squires. "[C]onsent [ ] may be implied from the opposing party's failure to object, effective engagement, or silent acquiescence." *Myers v. Moore*, 326 F.R.D. 50, 62 (S.D.N.Y. 2018) (citations and quotations omitted and alterations in original). Plaintiff put Defendants on notice prior to the trial that he intended to pursue his due process claim against Defendants Butler and Squires in his amended Statement of Claims. (*See* Dkt. 119). Defendants raised no objection at that time. Moreover, when discussing Defendants' motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, the Court indicated that the due process claim was asserted as to Defendants Butler and Squires, and Defendants' counsel did not disagree with that proposition (though he did argue that no due process claim had been established). Accordingly, because Defendants impliedly consented to Plaintiff's prosecution of a due process claim as to Defendants' Butler and Squires, Plaintiff's request to amend the pleadings is granted in this respect.

However, the Court finds that Defendants did not consent, either expressly or impliedly, to Plaintiff's assertion of an Eighth Amendment claim against Defendant Squires. Plaintiff did not previously indicate his intention to pursue this claim, giving Defendants no meaningful opportunity to object. Moreover, while evidence arguably relevant to this claim came in at trial, that evidence was also relevant to Plaintiff's other claims against Defendant Squires, and so consent cannot be implied from Defendants' lack of objection. *See Silverstein*, 522 F. Supp. 2d at 604 ("consent will not be implied from the failure to object to evidence that is relevant to both pleaded and unpleaded issues, unless it was somehow obvious that the party offering the evidence was attempting to raise the unpleaded issue").

The Court further finds that it would be prejudicial to Defendant Squires to permit Plaintiff to amend the pleadings to assert an Eighth Amendment claim against him at this juncture. Proof in this matter is closed, and Defendant Squires cannot now offer any evidence relevant to this claim. *See Pickwick Entm't, Inc. v. Theiringer*, 898 F. Supp. 75, 78 (D. Conn. 1995) (noting that Rule 15(b) motions "are usually made at the conclusion of the plaintiff's case" and explaining that "clearly [the defendant] would be prejudiced by allowing the amendment as to which []he did not conduct any discovery whatever and did not cross examine the plaintiff's witness"). Accordingly, Plaintiff's request to amend his pleadings to assert an Eighth Amendment claim as to Defendant Squires is denied.