UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

MICHAEL HILL,

        Plaintiff,

        v.

PATRICK GRIFFIN, *et al.*,

        Defendants.

**DECISION AND ORDER**

6:10-CV-06419 EAW

___

## INTRODUCTION

Plaintiff Michael Hill ("Plaintiff"), an inmate currently confined at the Auburn Correctional Facility, commenced the instant action *pro se* on July 21, 2010, alleging various violations of his constitutional rights. (Dkt. 1).[1] At Plaintiff's request (Dkt. 46), the Court appointed *pro bono* counsel to represent Plaintiff on January 5, 2016 (Dkt. 54).

A jury trial commenced on October 15, 2018. (Dkt. 121). The jury returned a "no cause of action" verdict on October 19, 2019 (Dkt. 132; Dkt. 133), and judgment was entered in Defendants' favor on October 25, 2019 (Dkt. 134).

Presently before the Court is Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, and a supplement thereto. (Dkt. 135; Dkt. 137). Plaintiff argues: (1) appointed counsel represented the interests of the Court instead of diligently pursuing Plaintiff's case; (2) the Court erred in denying Plaintiff's pre-trial

___

[1]     A later-filed action, *Hill v. Griffin, et al.*, Civil Action No. 6:11-cv-06101, was consolidated into the instant matter on November 13, 2015. (Dkt. 52).

- 1 -

request for an adverse inference based on purported discovery misconduct by Defendants; (3) defense counsel made improper false remarks during summation and to the Court during oral argument; (4) defense counsel withheld relevant documentary evidence; (5) Plaintiff was prejudiced by not being present at side bars held during the trial; and (6) the verdict was against the weight of the evidence. The Court has considered these arguments and finds them without merit, for the reasons discussed below.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 59(a)(1)(A) provides that a court "may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." *Id.* "Essentially, to grant a Rule 59 motion, a district court 'must conclude that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice. . . .'" *Greenaway v. County of Nassau*, 327 F. Supp. 3d 552, 560 (E.D.N.Y. 2018) (quoting *Maureen Christensen v. County of Dutchess, N.Y.*, 548 F. App'x 651, 653 (2d Cir. 2013)); *see also Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003). For the reasons discussed below, the Court finds that Plaintiff has failed to meet this standard.

### II. Appointed Counsel Diligently and Ably Pursued Plaintiff's Claims

Plaintiff's first argument is that he was unfairly prejudiced by the conduct of his appointed, *pro bono* counsel, whom he claims prioritized the Court's interests over his and failed to pursue his claims in the matter he considered most appropriate. This argument is without basis in either law or fact. As an initial matter, having presided over this case since

before *pro bono* counsel was appointed, the Court can confidently state that Plaintiff's counsel pursued this case with diligence and zeal, and that Plaintiff received representation superior to many civil litigants with retained counsel. To the extent that counsel recommended that claims against certain Defendants be voluntarily dismissed prior to trial, this was done not to further the Court's interests, as Plaintiff now alleges, but to enable Plaintiff and his counsel to focus on those claims that had the most potential merit.

The Court further notes that Plaintiff raised the issue of his disagreement with certain of the decisions made by his appointed counsel during the course of the trial. The Court had an *ex parte* conversation with Plaintiff and his appointed counsel to discuss the matter and Plaintiff ultimately informed the Court that he wished to continue to have his appointed counsel represent him. Plaintiff's disagreement with his counsel's strategic decisions at trial, made in hindsight, does not constitute a basis for a new trial. *See Soltero v. Kuhlman*, No. 99CIV10765(GEL), 2000 WL 1781657, at *4 (S.D.N.Y. Dec. 4, 2000) (explaining that at trial, "tactical decisions" are "left to the discretion of appointed counsel").

Plaintiff also had no right to be present during side bars dealing with legal matters or to otherwise make arguments on his own behalf while represented by counsel. It is clear that Plaintiff wished both to have appointed counsel and to retain full control over the conduct of this lawsuit. However, it is well-established that "the rights of self-representation and representation by counsel cannot be both exercised at the same time" and that as such "a party seeking to assert his . . . right of self-representation must clearly and unequivocally discharge any lawyer previously retained." *O'Reilly v. N.Y. Times Co.*,

692 F.2d 863, 868 (2d Cir. 1982) (quotation omitted). So-called "hybrid representation," where a party seeks "to straddle the line between self-representation and representation by counsel," is not permitted. *Antonmarchi v. Consol. Edison Co. of N.Y.*, 678 F. Supp. 2d 235, 240 (S.D.N.Y. 2010). Here, Plaintiff expressly asked the Court to appoint counsel to him, and affirmatively chose to retain that counsel even after he became aware of certain tactical decisions with which he purportedly disagreed. Under these circumstances, Plaintiff cannot now complain that he was unable to fully control the conduct of the trial.

In sum, the Court finds no merit to Plaintiff's allegations that *pro bono* counsel conducted themselves with anything less than the highest professionalism, nor has Plaintiff demonstrated any conflict of interest on the part of *pro bono* counsel. His request for a new trial on this basis is denied.

### III. Request for an Adverse Inference Instruction and Alleged Discovery Misconduct

Turning next to Plaintiff's contention that he was entitled to an adverse inference instruction due to purported discovery misconduct by Defendants, this issue was thoroughly litigated prior to the commencement of trial, and the Court issued a Decision and Order (Dkt. 125) setting forth in detail the reasons for its denial of Plaintiff's request. Plaintiff's current motion sets forth no new information or previously unconsidered grounds so as to justify revisiting the Court's prior decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving

party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Further, there is no support in the record for Defendant's contention that defense counsel deliberately withheld relevant documentary evidence. In connection with Plaintiff's request for an adverse inference instruction, defense counsel explained that the documents at issue either did not exist or had been destroyed prior to being requested by Plaintiff pursuant to the Department of Corrections and Community Supervision's document retention policy. (*See* Dkt. 125 at 1-2). The Court found that Defendants had not been under a duty to preserve the documents in question when they were destroyed. (*Id.* at 4-6).

Plaintiff now argues that defense counsel lied to the Court when he represented that the documents in question either had been destroyed or had never existed. (*See* Dkt. 137 at 3-4). Plaintiff has proffered no evidence to support his conclusory allegations that defense counsel was untruthful. The Court is "entitled to rel[y] upon the presumption that attorneys, as officers of the court, make truthful representations to the court." *United States v. Vendetti*, No. 10-CR-00360-RJA-JJM, 2013 WL 5522860, at *13 (W.D.N.Y. Jan. 22, 2013) (quotation omitted), *report and recommendation adopted*, 2013 WL 5522434 (W.D.N.Y. Oct. 3, 2013); *see also Theodore v. State of New Hampshire*, 614 F.2d 817, 822 (1st Cir. 1980) ("Attorneys are officers of the court and a judge has the right, in most circumstances, to rely on their representations to him.").

The Court notes that Plaintiff's invocation of *Brady v. Maryland*, 373 U.S. 83 (1963), in this context is misplaced. (*See* Dkt. 137 at 1 (contending that Plaintiff is making

a "Brady claim")). *Brady* relates to the production of exculpatory evidence in connection with criminal charges and has no applicability here. In any event, as the Court has already noted, Plaintiff has failed to provide evidentiary support for the claim that defense counsel withheld documents.

For the reasons discussed above, the Court declines to revisit its ruling on Plaintiff's request for an adverse inference instruction and further finds that Plaintiff has not shown that defense counsel engaged in discovery misconduct.

## IV. Defense Counsel's Remarks

The Court next considers Plaintiff's argument that defense counsel made improper, prejudicial remarks during closing arguments and during oral argument. In particular, Plaintiff contends that defense counsel "told the Court and jurors that Plaintiff had not filed a separate class action petition, but that he had filed a petition . . . with that portion being removed because he failed to meet the required standards." (Dkt. 135 at 9). Plaintiff claims that these remarks were false and prejudicial. (*Id.*).

"[A] party seeking a new trial on the basis of opposing counsel's improper statements to the jury faces a heavy burden, as rarely will an attorney's conduct so infect a trial with undue prejudice or passion as to require reversal." *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005) (quotation and original alterations omitted). The comments Plaintiff complains of do not rise to this level.

As an initial matter, Plaintiff has failed to provide citations to the trial transcript and has instead apparently relied solely on his own recollection of defense counsel's comments. As a general matter, specific reliance upon the trial transcript is necessary to demonstrate

a party's entitlement to relief on a Rule 59 motion based upon determinations made at trial. *See Ayala v. Rosales*, No. 13 C 4425, 2015 WL 4127915, at *1 (N.D. Ill. July 8, 2015) (noting that "while the Court has attempted to the best of its ability to address [p]laintiff's claims on the merits," the plaintiff's "failure to provide all of the necessary record citations makes it impossible for this Court to properly address his claims of error," and thus, "any arguments lacking necessary record support are, in the first instances, denied as waived"); *Ratliff v. City of Chicago*, No. 10-CV-739, 2013 WL 3388745, at *1 (N.D. Ill. July 8, 2013) (on a motion for a new trial, "to the extent that citation to the record would be necessary to support a position, [d]efendants' failure to cite to the trial record or the pretrial conference record will not be excused"); *Parr v. Nicholls State Univ.*, No. CIV.A. 09-3576, 2012 WL 1032905, at *3 (E.D. La. Mar. 27, 2012) (denying the motion for a new trial, noting that "without the benefit of citation to the trial transcript, the Court has no basis for determining that any error occurred"); *Terranova v. Torres*, No. 04-CV-2129 (CS), 2010 WL 11507383, at *4 (S.D.N.Y. June 23, 2010) (declining to grant the plaintiffs' motion for a new trial based upon challenged evidentiary rulings where the plaintiff failed to "cite pertinent sections of the trial transcript so as to identify the particular evidentiary rulings to which he refers, and does not provide any legal support for his arguments"), *aff'd sub nom. Terranova v. New York*, 676 F.3d 305 (2d Cir. 2012). In other words, on the current record, the Court has no basis from which to conclude that Plaintiff's recollection accurately reflects defense counsel's comments.

Moreover, even accepting Plaintiff's recitation of defense counsel's comments as correct, Plaintiff has failed to demonstrate his entitlement to a new trial. As noted above,

Plaintiff contends that, in his summation, defense counsel "told the Court and jurors that Plaintiff had not filed a separate class action petition, but that he had filed a petition . . . with that portion being removed because he failed to meet the required standards." (Dkt. 135 at 9).

This alleged statement by defense counsel, as recited by Plaintiff, is not an entirely accurate summary of the procedural history of this case. Plaintiff attempted to assert class action claims in the instant matter, and on April 6, 2011, the Honorable Michael A. Telesca issued a Decision and Order in which he declined to determine whether it was appropriate to certify a class, but informed Plaintiff that his allegations as they then stood were insufficient to support the existence of a cognizable class, and that he would need to set forth additional allegations to satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b). (Dkt. 8 at 4-5). Judge Telesca thereafter dismissed certain of Plaintiff's claims and ordered him to file a Second Amended Complaint. (Dkt. 23). Plaintiff filed a Second Amended Complaint on December 20, 2013, which did not purport to be a class action complaint, but did allege that Plaintiff had been retaliated against for attempting to file a class action lawsuit. (Dkt. 25).

However, even accepting Plaintiff's recollection that defense counsel incorrectly said the Court had dismissed his class action claims when in actuality Plaintiff voluntarily dropped them after being informed of the inadequacy of his allegations, this minor inaccuracy was immaterial to the point that defense counsel was making in his closing argument—namely that Plaintiff had an opportunity to present his class action allegations to the Court and was ultimately able to pursue his own individual claims. In addition, no

contemporaneous objection was made to defense counsel's remarks. Under these circumstances, the Court finds that the statements identified by Plaintiff were not unduly prejudicial and do not warrant a new trial.

To the extent that Plaintiff contends defense counsel made improper comments to this Court during oral argument, again, Plaintiff has not provided any citations to support this claim, nor has he explained why this would provide a basis for a new trial. In any event, at no point during its decision-making in this case was the Court influenced by defense counsel's alleged inaccurate recounting of the matter's procedural history, and so no prejudice to Plaintiff occurred.

V.     **Weight of the Evidence**

Finally, Plaintiff makes a cursory argument that the verdict was unsupported by the weight of the evidence. (*See* Dkt. 137 at 6). Plaintiff has not elaborated on this contention, but instead states merely that "the Court should based upon the exhibits attached to both complaints in support of each allegation view the weight of the evidence itself, without assigned counsel involvement due to the conflict of interest [sic]." (*Id.*).

"When considering a motion for a new trial under Rule 59(a) on the ground that the jury's verdict is against the weight of evidence, the Court gives a high degree of deference to the jury's evaluation of witness credibility and in light of the principle that jury verdicts should only rarely be overturned." *Vale v. City of New Haven*, No. 3:11-CV-00632 (JAM), 2017 WL 4572218, at *1 (D. Conn. Oct. 14, 2017). "Where a party attempts to meet the heavy burden of overturning a jury verdict based upon the weight of the evidence, the failure to present the Court with record evidence to substantiate its claims—standing

alone—provides sufficient basis to deny the motion." *Anderson v. Aparicio*, 25 F. Supp. 3d 303, 309 (E.D.N.Y. 2014), *aff'd sub nom. Anderson v. County of Suffolk*, 621 F. App'x 54 (2d Cir. 2015).

Plaintiff's motion fails, on its face, to meet the heavy burden necessary to warrant overturning the jury's verdict. Plaintiff has failed to set forth any explanation for his argument, but instead merely asks the Court to review all the exhibits he attached to his Complaints—many of which were not admitted into evidence at the trial—and make its own assessment of the weight of the evidence. It would be inappropriate and a usurpation of the jury's role for the Court to grant Plaintiff's request. Moreover, to the extent Plaintiff's argument regarding the weight of the evidence is based on his claim that *pro bono* counsel suffered from a conflict of interest, the Court has already rejected that claim, as discussed above. There is no basis on the instant record for the Court to disturb the jury's findings or to grant a new trial.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a new trial (Dkt. 135) and the supplement thereto (Dkt. 137) are denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: July 9, 2019
Rochester, New York